UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>GRIFFIN LAND & NURSERIES, INC, d/b/a IMPERIAL NURSERIES,<br><br>Defendant. | CIVIL ACTION<br><br>FILE NO. |

COMPLAINT

This cause of action, which arises under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. 1801, et seq., hereinafter "MSPA", is brought by the plaintiff pursuant to authority granted by §502 of MSPA, 29 U.S.C. 1852. Plaintiff also brings this action to enjoin defendant Griffin Land & Nurseries, Inc., d/b/a Imperial Nurseries, from violating the provisions of section 6 of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 USC 201), hereinafter called the "FLSA", and to recover unpaid wages and liquidated damages pursuant to the provisions of sections 15(a)(2) and 16(c) of the FLSA.

I.

Jurisdiction is conferred upon the Court by §502(a) of MSPA, 29 U.S.C. 1852(a). Jurisdiction of this action is also conferred upon the Court by section 17 of the FLSA and by 28 U.S.C. 1345.

II.

Defendant Griffin Land & Nurseries, Inc., d/b/a Imperial Nurseries, at all times hereinafter mentioned, has owned or operated a farm in Granby, Connecticut, and recruited, hired or employed migrant or seasonal agricultural workers, and thus has been an "agricultural employer" within the meaning of § 3(2) of MSPA, 29 U.S.C. § 1802(2).

III.

Defendant Griffin Land & Nurseries, Inc., d/b/a Imperial Nurseries is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 90 Salmon Brook Street, Granby, Connecticut, within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of an agricultural business within the jurisdiction of this court.

IV.

Defendant is, and at all times hereinafter mentioned was, engaged in related activities performed through unified operation or common control for a common business purpose, and it is, and at all times hereinafter mentioned was, an enterprise within the meaning of section 3(r) of the FLSA.

V.

At all times hereinafter mentioned, Defendant employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000. Therefore,

the said employees have been employed in an enterprise engaged in commerce or in the production of goods in commerce within the meaning of Section 3(s).

VI.

Since March, 2006, Defendant Griffin Land & Nurseries, Inc., d/b/a Imperial Nurseries has:

A.    Violated §202(a) or §302(a) of MSPA , 29 U.S.C. 1822(a) or 1832(a), and Regulation 29 C.F.R. 500.81 by failing to pay, when due, all wages owed to migrant or seasonal agricultural workers, as required by the State of Connecticut minimum wage and the federal minimum wage.

B.    Violated §202(c) or §302(c) of MSPA, 29 U.S.C. 1822(c) or 1832(c), and Regulation 29 C.F.R. 500.72 by violating, without justification, the terms of working arrangements concerning Defendant' employment of migrant or seasonal agricultural workers.

VII.

WHEREFORE, cause having been shown, plaintiff prays for Judgment permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them, or acting in their interest or behalf, from violating the provisions of §§ 202(a), 202(c), 302(a), and 302(c), 29 U.S.C. §§ 1822(a), 1822(c), 1832(a), and 1832(c); and for such other and further relief as may be necessary and appropriate, including costs of this action.

VIII.

Defendant has repeatedly violated and is violating the provisions of sections 6 and 15(a)(2) of the FLSA by paying employees wages at rates less than the applicable minimum wage.

IX.

During the period since March 2006, defendant has repeatedly violated and is violating the aforesaid provisions of the FLSA, as alleged, and a judgment enjoining such violation is expressly authorized by section 17 of the FLSA.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendant, defendant's agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating the provisions of section 6 of the FLSA, and costs.

X.

During the period since March 2006, defendant has repeatedly violated and is violating the aforesaid provisions of the FLSA.  An award of actual and liquidated damages is specifically authorized by section 16(c) of the FLSA.

WHEREFORE, cause having been shown, plaintiff demands judgment ordering payment of unpaid wages found by the Court to be due the employees listed in attached Exhibit "A", plus an equal amount as liquidated damages, and costs.

|  |  |
|---|---|
|  | Jonathan L. Snare<br>Acting Solicitor of Labor |
|  | Frank V. McDermott, Jr.<br>Regional Solicitor |
| Post Office Address:<br>U.S. Department of Labor<br>Office of the Regional Solicitor<br>JFK Federal Building - Room E-375<br>Boston, Massachusetts 02203<br>TEL: (617) 565-2500<br>FAX: (617) 565-2142 | */s/ James Glickman*<br>James Glickman<br>Senior Trial Attorney<br>Bar #: CT10638<br><br>U.S. Department of Labor<br>Attorneys for Plaintiff |